UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:13-cv-110-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES EX REL. LIUBOV SKIBO,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **GREER LABORATORIES, INC., ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on Defendant Greer's Motion to Strike the Supplemental Expert Report of Christopher L. Haney, (Doc. No. 114).

### I.  BACKGROUND

This action, filed on August 2, 2013, is brought under the False Claims Act, 31 U.S.C. § 3729 et seq., alleging that Defendant Greer Laboratories, a business based in Lenoir, North Carolina, submitted false claims and/or caused false claims to be submitted to the federal and/or state governments with regard to allergenic extracts that were either billed directly to the federal government and/or paid by Medicare, Medicaid, TRICARE, and other government health care programs after being sold to medical providers.  Specifically, Defendant Greer Laboratories is alleged to have manufactured and sold unapproved biological products and/or new drugs, misbranded drugs, and/or adulterated drugs that were ultimately paid for by Medicare, Medicaid, TRICARE, and other government health care program payors.

The parties have engaged in discovery and both parties have filed expert reports.  The Court restates the procedural history of this case relevant to Greer's motion to strike a supplemental expert report by Christopher L. Haney.  On December 14, 2018, Relators served Mr. Haney's

1

original Expert Report. On December 28, 2018, Relators served Mr. Haney's December 28 Report, which incorporated "additional information produced in discovery by Greer's customer Allergy Clinic of Tulsa" and "revised data and calculations for that customer." (Relators' Ex. A at 3 ¶ 1). The December 28 Report also stated that "fact discovery is still underway" and "additional documentation and information have been requested by Counsel that may be relevant to my opinions . . . ." (Id. at ¶ 4). Mr. Haney also "reserve[d] the right to update, supplement or revise my opinions if and when additional information or data becomes available" and noted that "[a]ny additional information obtained in discovery could require supplementation or revision." (Id. at ¶ 5). Mr. Haney further noted that "[i]f additional discovery is produced with sufficient customer purchase data to estimate the Paid Amount further in this period, it is anticipated that the Paid Amount will increase materially beyond what is reflected in this report." (Id. at ¶ 77).

On January 3, 2019, Relators filed a Motion for Limited Modification of the Pretrial Order and Case Management Plan for Leave to Take Four Additional Depositions for Use at Trial. (Doc. No. 83). In their motion, Relators asked that "the Court permit these four brief telephonic non-party fact depositions" because "Defendants have taken the position that Relators will be unable to prove damages" and "the importance of [that] issue to the case . . . ." (Id. at 5). Greer did not oppose Relator's Motion, and on January 7 the Court granted the motion. (Doc. Nos. 85-86). On January 8, 2019, Greer's counsel took Mr. Haney's deposition, at which he testified that "if the facts of the case change . . . the things that directly contribute to my damages methodology, I will certainly consider them. And they may or may not change my damages calculation." (Doc. No. 116-3 at 169:11-16).

On January 11, 2019, Relators received documents and correspondence from Tottori Allergy & Asthma Associates, containing new data regarding Tottori Allergy's reimbursements

from Medicare, Medicaid, and Tricare for immunotherapy involving Greer's unlicensed custom mixes. (Relators' Ex. B). On January 14, 2019, Greer served the Expert Report of Crystal Pike (the "Pike Report"). The Pike Report cited a document designated only as "GRLI-00172646" (the "January 26 Excel spreadsheet"), which neither Relators nor Mr. Haney had received previously. Between January 14 and February 12, 2019, Relators took six depositions of Greer's customers, resulting in hundreds of pages of testimony regarding those customers' purchases of unlicensed custom mixes and receipt from government healthcare payors of millions of dollars of reimbursements for the preparation and injection of allergy immunotherapy involving Greer's unlicensed products. (Relators' Ex. C (Supp. Rpt.) at App'x C at 4-14 (excerpts of customer deposition testimony)). Greer's counsel and several members of Ms. Pike's staff attended each deposition.

On January 22, 2019, Greer responded to Relators' First Set of Requests for Admission by admitting for the first time to Greer's yearly sales of custom mixes. (Relators' Ex. D). Also on January 22, 2019, Relators received more than 560 pages of business records from East Tennessee Ear, Nose & Throat Specialists, PC ("ET ENT"), which Relators produced to Greer on January 24, 2019. (Relators' Ex. E). On January 25, 2019, after searching for and not locating the January 26 Excel spreadsheet, Relators' counsel asked Greer's counsel to produce the spreadsheet, which they produced on January 26, 2019, revealing the document to be a 341-page Excel spreadsheet containing detailed customer-specific data regarding Greer's custom-mix sales for four customers. (Relators' Ex. F).

On February 7, 2019, Relators received more than 670 pages from ET ENT, (Relators' Ex. G), which Relators produced to Greer the next day. (Relators' Ex. H, Feb. 8, 2019 Production Letter). On February 15, 2019, Greer served on Relators the "Supplemental

Materials Considered" by Ms. Pike, which listed many of the same new information and materials that Relators now seek to incorporate into Mr. Haney's damages calculation. (Relators' Ex. I, Feb. 15 email attaching Ms. Pike's "Supplemental Materials Considered"). On February 19, 2019, Relators took Crystal Pike's deposition. Ms. Pike testified that none of the customer depositions or new materials that she supplemented on February 15 had changed any of her opinions. (Relators' Ex. J (Pike Tr.) at 79:22-80:12).

On February 25, 2019, Relators also received the Declaration of Chris Baker, Practice Manager of ET ENT. (Relators' Ex. K; see also Relators' Ex. C (Supp. Rpt.) at App'x C at 14 n.51 (citing Ex. Relators' K)). On February 26, 2019, Relators filed their Motion to Compel Production of Custom-Mix Sales Data, Doc. No. 94, in which Relators sought to compel Greer to produce the same custom-mix sales data in the January 26 Excel spreadsheet (referenced in Ms. Pike's report and produced on January 26) but for all customers (not merely four). In that motion, Relators noted that "[i]f additional discovery is produced . . . it is anticipated that the Paid Amount [i.e., estimated damages] will increase materially beyond what is reflected in [Mr. Haney's December 28] report." (Doc. No. 94 at 4 (quoting December 28 Report at ¶ 77)).

On February 28, 2019, Relators served the Supplemental Report, which "incorporate[d] additional information which was produced or became known after the date of [the] original report," and which "more accurately reflects" Mr. Haney's "analysis and findings." (Relators' Ex. C (Supp. Rpt.) at 3 ¶ 1). Specifically, the Supplemental Report incorporates "information produced in discovery by [Greer] quantifying limited amounts of its Custom-Mixed sales volume, as well as sworn testimony and additional information produced by certain of Greer's customers." (Id.). Mr. Haney "revised [his] data and calculations based on this additional information," which "increased [his] estimated damages by approximately $4.5 million" from

4

$52.9 million to $57.4 million, and decreased his estimated number of "allegedly false claims" from at least 601,518 to at least 179,000. (Compare Relators' Ex. C (Supp. Rpt.) at ¶¶ 1, 12 with Relators' Ex. A (Dec. 28 Rpt.) at ¶¶ 1, 12).

When Relators served the Supplemental Report on February 28, Relators asked Greer's counsel to "please let us know as soon as possible if Defendants wish to hold a further deposition of Mr. Haney." Greer did not respond, and on April 8, 2019, the magistrate judge denied the motion to compel. (Doc. No. 124).

On March 7, 2019, Greer filed its Motion for Summary Judgment. (Doc. No. 95). On March 20, 2019, Greer asked Relators to tell them, by March 22, whether they would withdraw the Supplemental Report, which Relators declined to do. (Relators' Ex. L). On March 25, 2019, Greer filed the pending Motion to Strike the Supplemental Expert Report of Christopher L. Haney. On April 5, 2019, Relators filed their memorandum in opposition to the motion to strike. On April 12, 2019, Greer filed a Reply. Greer corrected the Reply on April 16, 2019.

In the motion to strike, Greer argues that the Supplemental Report is not a "proper" "supplement" under Rule 26 of the Federal Rules of Civil Procedure because it does not merely "correct inadvertent errors or omissions in the original report" and instead is "replete with new opinions." (Doc. No. 115 at 1, 9). In response, Relators argue that the Supplemental Report's sole purpose, consistent with Rule 26(e), is to incorporate new data and testimony that Relators received from Greer and its customers since December 28 into the same damages model, using the same methodology, that Mr. Haney established in his original report in order to update and ensure the accuracy of Mr. Haney's only opinion: "Opinion #1." Relators argue, therefore, that the only changes to "Opinion # 1," which is otherwise a verbatim copy of Mr. Haney's previous "Opinion #1," include (1) a change from $601,518 to $179,000, in referring to reimbursements

5

from the Government to Greer for allegedly false claims, and (2) a change from $52.9 million to $57.4 million in damages. Thus, Relators contend that Greer's true objection to the Supplemental Report is that it increases the damages for which Greer should be held accountable.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 26(e), an expert report "must be supplemented" when a "party learns" that "new information renders" the prior disclosure "incomplete" in "some material respect." FED. R. CIV. P. 26(e) & advisory committee's note to 1970 amendment. "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." FED. R. CIV. P. 26(e)(2). Supplementary disclosures under Rule 26(e)(2) must be made "by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Id.; see also FED. R. CIV. P. 26(a)(3) (requiring disclosures "at least 30 days before trial").

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In Southern States, the Fourth Circuit articulated a five-factor test that lower courts should consider in determining whether a supplementary disclosure is "substantially justified or harmless." 318 F.3d at 596-97. These factors include: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. Id. at 597. Rule 37 provides for "alternative

6

sanctions" to exclusion of evidence such as "payment of reasonable expenses" in connection the expert's deposition regarding the supplement report. See Akeva, LLC v. Munzo Corp., 212 F.R.D. 306, 312 (M.D.N.C. 2002) (denying motion to exclude expert report and instead "requir[ing] plaintiff to pay the costs and expenses of [expert's] deposition" up to $3,000). The "basic purpose" of Rule 37 is "preventing surprise and prejudice to the opposing party." S. States Rack & Fixture, Inc., 318 F. 3d at 597. Indeed, "surprise" and the "ability" to "cure the surprise" are the foremost factors the Fourth Circuit guides courts to consider in evaluating a motion under Rule 37. Id.

### III. DISCUSSION

The motion to strike is denied for the reasons stated in Relator's brief in opposition. First, Relators had a duty under Rule 26 to supplement based on their receipt of new information and documents, including new data and admissions from Greer, new data from Greer's customers, and new testimony from Greer's customers that the Court permitted the Relators to obtain in its January 7, 2019, order. See (Doc. No. 86). After considering the parties' arguments, the Court finds that Relators have shown that changes in the Supplemental Report are, in fact, based on additional data produced by Greer after the close of fact discovery. This new information includes Greer's production of substantial new customer sales data, Greer's new admissions to yearly custom-mix sales, and Relators' receipt of new data, documents, and testimony from Greer's customers regarding their purchases of custom mixes and reimbursements from government payors for treatments involving those custom mixes. This previously undisclosed data created a duty to supplement Mr. Haney's report under Rule 26(e).

Greer also argues that Mr. Haney "made numerous changes to his December 28 Report which could have been done long before the close of fact discovery." (Doc. No. 115 at 9). The

Relators point out, however, that the Supplemental Report incorporates testimony from four customer depositions, two of which occurred after the close of fact discovery as permitted by the Court and with Greer's consent. (Doc. Nos. 83, 85-86). Relators note that Ms. Pike supplemented her own report with this same testimony on February 15, 2019, after the close of fact discovery.

Furthermore, Relators have shown that the Supplemental Report is timely. Rule 26(e) requires supplementation or correction of expert disclosures that are incomplete or incorrect. See FED. R. CIV. P. 26(e)(1)(A) (a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect"). Where, as here, the Pretrial Order does not establish a specific deadline for Rule 26(e) supplementation, Rule 26(e)(2) requires that supplemental expert disclosures be made by the time pretrial disclosures are due under Rule 26(a)(3). See FED. R. CIV. P. 26(e)(2) ("Any additions or changes to the information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."). Here, the earliest possible trial date is June 17, 2019, but it is likely be farther away given the possible reassignment of this case to a different judge. Thus, when the Supplemental Report was served, Rule 26(a)(3) pretrial disclosures were not due for more than three months and likely more than that. Therefore, the Supplemental Report was timely under Rule 26(e) and the Pretrial Order.

Next, as to Greer's contention that the Supplemental Report is "not a valid 'supplement'" because Mr. Haney "changes fundamental aspects of his analysis," the Relators have persuasively argued that the Supplemental Report does not constitute a change in Mr. Haney's fundamental methodology for calculating damages. Rather, the Supplemental Report merely incorporates new information received since the December 28 Report into Mr. Haney's existing

8

methodology and damages model. Providing an update of damage calculations through the time of trial is commonplace. See, e.g., BASF Corp. v. Aristo, Inc., No. 2:07 CV 222 PPS, 2012 WL 2159252, at *5 (N.D. Ind. June 12, 2012) (allowing "supplemental expert reports" on "damages" where "the basic 'methodology' employed by the damages experts" was "consistent" with the "methodology" employed by the "supplemental reports").

As to Greer's contention that the Supplemental Report is "replete with new opinions," as Relators note, Mr. Haney's only opinion in the Supplemental Report—"Opinion #1"—is the same opinion verbatim as the December 28 Report, except with a different (1) dollar amount of damages ("$57.4 million" replaces "$52.9 million") and (2) number of false claims that Greer caused to be submitted ("at least 179,000" replaces "at least 601,518"). Relators have argued persuasively that Mr. Haney's damages model, theories, methods, and analysis, all of which support "Opinion #1," remain fundamentally unchanged in the Supplemental Report as compared to the December 28 Report. Indeed, the so-called "revisions" in the Supplemental Report incorporate the new information discussed above into Mr. Haney's existing methodology.

Finally, the Court agrees with the Relators that, regardless of its compliance with Rule 26, the Supplemental Report should not be excluded under Rule 37(c)(1) because it is harmless and substantially justified. FED. R. CIV. P. 37(c)(1). That is, the Court considered each of the five Southern States factors discussed previously, and the Court finds that applying the factors to this case supports the Court's denial of the motion to strike. Most significantly, as Relators note, Greer does not even attempt to suggest that the Supplemental Report has caused it any "surprise," nor any particular harm. Greer filed its summary judgment motion nearly two weeks after receiving the Supplemental Report and a peremptory trial date has not been set. Indeed, it

9

cannot be set any sooner than June 17, and it is likely to be set at some later date.[1] Relators note that they and their damages expert, Mr. Haney, made it clear at every step in this case that they intended to supplement Mr. Haney's report to incorporate new customer sales data, documents, and testimony as that new information became available. For all these reasons, the Court will deny Greer's motion to strike.

## IV. CONCLUSION

In sum, the Court denies Defendant's motion to strike. The Court will allow, however, Greer an opportunity to hire its own rebuttal expert and to request additional expenses such out-of-time report has caused (beyond the regular costs of the rebuttal expert) at the conclusion of trial. If Greer needs additional time to hire a present value rebuttal expert, leave to designate a rebuttal expert out-of-time is granted and Greer will have 60 days within which to designate and serve the report of such a rebuttal expert.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Strike the Supplemental Expert Report of Christopher L. Haney, (Doc. No. 114), is **DENIED**. Defendant Greer is allowed 60 days within which to designate and serve the report of a rebuttal expert related to the issues raised in the Supplemental Report of Christopher L. Haney.

---

[1] On March 26, 2019, the Court issued an Order denying Relators' Motion for Setting of Peremptory Trial Date, in which the Court noted that "reassignment" of the case to a "new judge" is "possible before this Court takes up the summary judgment matter and appears likely to happen before trial." (Doc. No. 119 at 1).

Signed: May 6, 2019

Max O. Cogburn Jr  
United States District Judge